UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI LEE CONLEY SHOEMAKER<br>Plaintiff | |
| vs. | No. 02-CV- 3210 |
| LANCASTER LABORATORIES, INC. and EDUCATORS MUTUAL LIFE INSURANCE COMPANY<br>Defendants | |

**EDUCATORS MUTUAL LIFE INSURANCE COMPANY'S
<u>MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS</u>**

**I.      <u>STATEMENT OF FACTS</u>**

Plaintiff Lori Lee Conley-Shoemaker ("Shoemaker") initiated this action in state court, and specifically in the Court of Common Pleas of Lancaster County, Pennsylvania.  In her complaint filed in state court, Shoemaker alleges that, at times relevant to the complaint, she was employed by Defendant Lancaster Laboratories, Inc. ("Lancaster Laboratories").  Shoemaker further alleges that Lancaster Laboratories purchased a group long-term disability policy ("Policy") from Educators Mutual Life Insurance Company ("Educators"), providing up to 60 months of long-term disability benefits ("LTD Benefits") to Lancaster Laboratories' employees.  Shoemaker further alleges that she is disabled under the terms of the Policy and entitled to benefits.  Shoemaker alleges that Educators has wrongfully stopped paying benefits to her.

In the complaint, Shoemaker seeks equitable relief for the alleged wrongful stoppage of LTD Benefits.  Shoemaker is in effect seeking benefits under a group long-term disability policy, and any claim for denial of benefits is a claim to be determined under the Employee Retirement Income Security Act of 1974 as Amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

II. **ARGUMENT**

**PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY ERISA AND MUST BE DISMISSED**

Educators moves to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6). To succeed in dismissing a complaint, Educators must demonstrate that this Court could not grant relief under any set of facts that Plaintiffs could prove consistent with the complaint's allegations. *Port Authority of New York and New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999). ERISA provides for complete preemption of Plaintiff's state law claims; thus, Plaintiff can plead or prove no set of facts that ever would allow those claims to survive. Plaintiff's Complaint, in its present form, must be dismissed.

Section 502(a)(1)(B) of ERISA permits participants or beneficiaries of qualified employee benefit plans to sue for recovery of benefits due or to enforce rights under their plans. 29 U.S.C. §1132(a)(1)(B). ERISA provides the exclusive remedy for any cause of action premised upon a demand for payment of benefits a plaintiff claims are owed from an employee benefit plan. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63, 107 S. Ct. 1542, 1546, 95 L. Ed. 2d 55 (1989); *In Re U.S. Healthcare*, 193 F.3d 151, 161-62 (3d Cir. 1999). The statute also contains a preemption clause, mandating that ERISA's civil enforcement scheme preempts any state law relating to employee benefit plans. 29 U.S.C. §1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S. Ct. 1549, 1552, 95 L. Ed. 2d 39 (1987). If this Court determines that the Policy is covered by ERISA, the continued viability of the Complaint must be assessed in light of §§ 1132(a)(1)(B) and 1144(a). Any state claim that this Court deems preempted by ERISA must be dismissed. See *Russo v. Abington Memorial Hospital*, 881 F.Supp. 177, 179-80 (E.D. Pa. 1994) (holding claims properly removed to federal court and preempted by ERISA must be dismissed).

The Policy, issued by Educators, was purchased by Shoemaker's employer, Lancaster Laboratories. The Policy is a benefit Lancaster Laboratories provides to its employees and is a condition of their employment. When an employer provides benefits through an insurance plan administered by an outside insurance company, such a plan is an "employee welfare benefit plan" under 29 U.S.C. § 1002(1)(A) and covered by ERISA. *Russo,* 881 F.Supp. at 181; see *Donovan v. Dillingham*, 688 F.2d 1367, 1375 (11th Cir. 1982) (holding employer's bare purchase of group health insurance policy establishes ERISA-qualified plan). Because the Policy is a benefit provided to Shoemaker by her employer, Shoemaker's claims are subject to ERISA and potential preemption.

Plaintiff's original action, filed in Pennsylvania state court and then removed to this Court, pleads a state claim – equitable relief for alleged stoppage of LTD Benefits. Whether viewed as a breach of contract claim or a claim of promissory estoppel, the claims are preempted. Courts in the Third Circuit have held, time and time again, that a contract action premised on a beneficiary's claim for denial of benefits from an ERISA-qualified plan is preempted. See e.g*., Pane v. RCA Corp.*, 868 F.2d 631, 635 (3d Cir. 1989); *Walker v. Aetna Life Ins. Co.*, No. 98-5154, 1999 WL 84112, at *2 (E.D. Pa. Feb. 19, 1999); *Russo*, 881 F.Supp. at 181. Promissory estoppel causes of action relating to the insurance contract similarly are preempted. See, e.g., *Alston v. Atlantic Electric Co.*, 962 F.Supp. 616, 623 (D.N.J. 1997); *O'Connor v. Certainteed Corp.*, Civ. A. No. 87-3866, 1990 WL 223180, at *3-4 (E.D. Pa. Dec.17, 1990), *aff'd*, 941 F.2d 1202 (3d Cir. 1991); *Health Scan, Ltd. v. Travelers Insurance Co.*, 725 F.Supp. 268, 270 (E.D. Pa. 1989); see *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 235 (3d Cir. 1994) (holding claim of equitable estoppel covered by ERISA).

Pennsylvania law regarding breach of contract and promissory estoppel claims is in accord. *Vulcan v. United of Omaha Life Ins. Co.*, 715 A.2d 1169 (Pa. Super. Ct. 1998). Similarly, Shoemaker's equitable claim for wrongful stoppage of benefits, a state law claim, must be preempted. Since the only claim asserted by Plaintiff is a state law claim, subject to ERISA preemption, the only action this Court may take with respect to the complaint is to dismiss it.

### III.   CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

BARLEY, SNYDER, SENFT & COHEN, LLC

Dated:_____        By:_____
                                      George C. Werner, Esquire
                                      Attorney for Defendant
                                      Educators Mutual Life Insurance Company
                                      126 East King Street
                                      Lancaster, PA  17602-2893
                                      Court I.D. 28757
                                      717-299-5201

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served this _____ day of _____, 2002, by first class mail, postage prepaid, upon:

    John L. Sampson, Esquire
    Appel & Yost LLP
    33 North Duke Street
    Lancaster, PA  17602-2842

    Lancaster Laboratories, Inc.
    2425 New Holland Pike
    Lancaster, PA 17605-2425

    BARLEY, SNYDER, SENFT & COHEN, LLC


By:_____
    George C. Werner, Esquire
    Court I.D. 28757
    Attorneys for Defendant
    Educators Mutual Life Insurance Company
    126 East King Street
    Lancaster, PA 17602-2893
    717-299-5201